JUDGE HARDIN
delivered the opinion op the court.
The appellant, John H. Moore, convicted and sentenced to the penitentiary for six years for killing "William Huff, prosecutes this appeal from that judgment.
The action of the circuit court in selecting the jury involves the first question of any importance presented for decision.
A person presented as a juror was challenged by the defendant for cause, and the court refused to allow the challenge, and thereupon the defendant, excepting to the decision of the court, challenged the juror peremptorily; and being afterward prevented from exercising a peremptory challenge because, as alleged, in consequence of said decision of the court he had already exhausted the number of peremptory challenges allowed him by law (Criminal Code, sec. 204), the ruling of the court is now complained of as a substantial error of law to the defendant’s prejudice in disallowing him a peremptory challenge. (Criminal Code, sec. 334.) But whether the court erred or decided correctly in the first instance, and however that decision may have influenced the course of the defendant in the use of the peremptory challenges allowed him, we do not regard the action of the court as a refusal to allow a peremptory challenge within the meaning of section 334 of the Criminal Code, swpra; and regarded as the disallowance of a challenge for cause merely it can constitute no ground of reversal in this court.
But several questions are raised as to the correctness of the ruling of the court in instructing the jury, some of which must prove fatal to the judgment. The instruct’ons as given at the instance of the commonwealth seem to us to have been too numerous and prolix for a perspicuous prese tation of the law of the case, and several of them coucbeJ. in language which may have perplexed rather than enligh' med the jury; and the third instruction was palpably erre .eous. It is' as follows: “ If the jury áre satisfied from the evidence, to the *193 exclusion of a reasonable doubt, tbat tbe accused did kill Huff, but shall further believe from the evidence that such killing was not willful or malicious, and was not deliberate, but was in sudden heat and passion without previous malice, such killing is voluntary manslaughter, and the jury will find tbe accused guilty of voluntary manslaughter,” etc.
It is obvious that by this instruction the court, unintentionally no doubt, virtually excluded from tbe jury tbe consideration of any grounds of self-defense, and substantially defined the homicide, if established, to be either murder or voluntary manslaughter; although there was evidence before the jury conducing to prove that at the time of the killing the deceased was in the act of assaulting the defendant.
Wherefore the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.