WILLIAM TOWNSEND *v.* COMMONWEALTH.

Homicide—Opinion of Witnesses—Competency.

> The rejected statements of the witnesses were their own deductions merely, from the facts to which they were called to testify, which it was not their province, but that of the jury, to do.

**Homicide—Involuntary Manslaughter—Instructions.**

The court instructed the jury that unless they are satisfied from all the evidence beyond a reasonable doubt that the prisoner purposely and intentionally shot Holder they must find him not guilty, which was more favorable to appellant than he was entitled to.

APPEAL FROM POWELL CIRCUIT COURT.

November 9, 1872.

OPINION BY JUDGE HARDIN:

Upon an indictment charging the appellant with the murder of Werden Holder, he was tried and convicted of the lesser crime of voluntary manslaughter, and sentenced to a term of ten years, and this appeal is prosecuted for a reversal of that judgment.

Before proceeding to consider the questions of law, on which alone it is the province of this court to revise the judgment, it is, perhaps, necessary to advert briefly to the evidence, which in our opinion rather conduces to sustain the charge as laid in the indictment, or to prove the appellant guilty of the involuntary killing of Holder, in the perpetration of an unlawful act, which was criminally reckless, and in its nature tending to violence and bloodshed, than to show the homicide to have been committed without malice and upon sudden quarrel, or in the heat of passion.

It appears that the appellant and the deceased, together with several other persons, were, at the time of the killing, assembled at the residence of a man named Hatton, on the occasion of the marriage of his daughter, and that for amusement a mock military drill was instituted in which the appellant assumed to act as commanding officer and as such ordered the deceased, who would not participate in the drill, "to fall into line," threatening to shoot him if he did not do so, and the deceased still refusing to obey the order, the appellant drew a pistol and placing it against the head of the deceased, discharged it purposely or by accident, killing him instantly, and thereupon fled from the place.

Although there is but little contrariety of evidence, as to the manner of the killing, some of the witnesses testified as to their opinion or belief from the appellant's "movements and appearance" at the time, that the killing was not done intentionally,

but by accident; and the Court holding this evidence to be incompetent, excluded it from the jury; and this ruling presents the first question, in the case, for the determination of this Court.

The subject of the opinions offered in evidence in this case, is not like the identity of a person, or a particular handwriting, and many other facts of the same class, which are, in their nature so dependent, as matters of proof, on the recollection and belief of those who may testify concerning them, that of necessity the opinions of the witnesses are admissible as the means of communicating the fact under investigation; but the rejected statements of the witnesses were their own deductions merely, from the facts to which they and others were called to testify; which, it was not their province, but that of the jury to do; and the Court therefore properly excluded the evidence.

The action of the Court in giving instructions to the jury, without certain modifications proposed by the counsel for the defendant, is complained of as erroneous. But we fail to perceive that the Court, in so ruling, committed any error to the prejudice of the appellant. It is true, the Court, in its first instruction very concisely indicated to the jury the facts which were essential and necessary to constitute the crime of murder, without reference to the law of self-defense. But there was no evidence on which an instruction as to the excuse of self-defense could properly have been based; and notwithstanding this, the Court in another instruction, correctly informed the jury, in effect, that if from the evidence they entertained a reasonable doubt on the question whether the defendant was guilty of murder or manslaughter, they could only find him guilty of the latter crime; and still in another instruction the law of voluntary manslaughter is correctly defined.

It is insisted for the appellant however, that the Court should have so instructed the jury as to have authorized them, if they convicted him, to fix in their verdict the reduced degree of punishment provided in section 2, of Article 4, of Chapter 28 of the Revised Statutes, for the offense of wilful shooting without designing to kill, but from which death ensues within six months therefrom.

With reference to this objection we deem it sufficient to say that although no instruction was asked or suggested for the ap-

pellant, under the provisions of the statute, just cited, the Court in its fourth instruction, to which no objections was made, instructed the jury, more favorably to the appellant, as follows: "That unless they are satisfied from all the evidence beyond a reasonable doubt, that the prisoner purposely and intentionally shot Holder they must find him not guilty."

As to the alleged error of the Court in excluding a juror for cause we need only refer to the decision of this Court in the case of *Moore vs. Commonwealth,* 7 Bush 191, as conclusive of the point, that such an objection is not an available ground of reversal in a case like this.

Wherefore the judgment is affirmed.

*Turner, Riddle, for appellant.*